## SCHER *v.* ALTOMARE ET UX.

[No. 54, September Term, 1976.]

*Decided November 3, 1976.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

*Richard H. James* for appellant.

Submitted on brief by *Norman P. Rocklin* for appellees.

SINGLEY, J., delivered the opinion of the Court.

On 1 September 1966, Simon Scher entered into a contract, under seal, for the purchase of certain real estate owned by Samuel Altomare and Teresa R. Altomare, his wife (the Altomares). The contract price was $20,000.00, of which $2,000.00 had been paid prior to the signing of the contract; an additional $100.00 was to be paid each month until settlement, which was to be made within six months of the date of the contract, unless an additional $2,000.00 were paid by the buyer, in which event, the settlement date was to be extended for an additional period of six months.

In the declaration filed in the Superior Court of Baltimore City on 13 December 1973, Scher alleged that he had paid the Altomares $7,500.00, that the Altomares were unable to give good title to the property, and sought damages in an amount of $7,500.00.

The Altomares filed a general issue plea and specially pleaded *res judicata* and limitations.

The case ultimately came on for hearing on the Altomares' motion to dismiss, grounded on limitations: that the $7,500.00 paid by Scher had been paid more than three years prior to the institution of suit, and that recovery was barred by Maryland Code (1957) Art. 57, § 1, now Code (1974), § 5-101 of the Courts and Judicial Proceedings Article. Scher countered with the contention that since the contract was under seal, the 12-year period of limitations contained in Code (1957) Art. 57, § 3, now Code (1974), § 5-102 of the Courts and Judicial Proceedings Article, applied.

The court took the position that since the action was brought for the return of the deposit, and the contract of sale contained no promise to return the deposit if the vendors were unable to perform, the action was on an implied promise, independent of the covenants contained in the instrument under seal, and the three-year period of limitations was applicable. The court concluded that suit had been brought more than three years after Scher had made his last payment and after the discovery that the

Altomares could not give good title, and granted the Altomares' motion to dismiss.

We are satisfied that the action was brought for damages resulting from the breach of the covenant to convey good and merchantable title found in the contract of sale. When an action is brought for breach of a contract which is under seal, the 12-year period of limitations is applicable, *Gildenhorn v. Columbia Real Estate Title Ins. Co.*, 271 Md. 387, 317 A. 2d 836 (1974). *See also Anne Arundel County v. Norair Engineering Corp.*, 275 Md. 480, 487, 341 A. 2d 287, 290 (1975); *accord, Rose v. Vulcan Materials Co.*, 282 N. C. 643, 663-65, 194 S.E.2d 521, 535 (1973); *Booth v. Mason*, 241 Ark. 144, 149-50, 406 S.W.2d 715, 719 (1966).

We will therefore vacate the judgment for costs entered in favor of the Altomares and remand the case to the trial court, with leave to the plaintiff to file an amended declaration making clear that the suit is for breach of the written contract. Of course, the recovery, if any, by the plaintiff cannot exceed in nature or amount either the damage proved or the sum claimed in the *ad damnum*, whichever is the lesser.

We are not to be understood, however, as expressing any opinion on the merits of the case, or on other procedural issues which may be raised.

> *Judgment reversed, case remanded*
> *for further proceedings.*
> *Costs to abide the result.*